**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN AVISAI FLORES RAMIREZ, | No. 19-72079 |
| Petitioner, | Agency No. A205-908-084 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:      SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Ruben Avisai Flores Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Flores Ramirez experienced did not rise to the level of persecution.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution).  Substantial evidence also supports the conclusion that Flores Ramirez did not establish a well-founded fear of future persecution.  *See id.* at 1029 (applicant did not have a well-founded fear of future persecution where substantial evidence supported the agency's finding that he could relocate).  Thus, Flores Ramirez's asylum claim fails.

Because Flores Ramirez failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of Flores Ramirez's CAT claim because he did not establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

19-72079

We reject Flores Ramirez's contentions that the agency failed to consider evidence, engaged in improper fact finding, or otherwise erred in its analysis as unsupported by the record.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.